JOHN W. ENGLISH *et al.*, Appellants, v. FRANCIS BEEHLE *et al.*, Respondents.

*Conveyance.*—A deed, dated March 31, 1810, granted lands to a married woman, to hold to her and her heirs in a direct line, to have, manage and dispose of at her will and pleasure, not be liable to the acts of her husband, it being necessary that said lot should always remain as the property of the children, the heirs of the said wife. *Held*, that the wife took an estate in fee simple with full power to convey the title absolutely.

*Appeal from St. Louis Land Court.*

*Morehead*, for appellants.

I. The deed was made in 1810, when the Spanish law was in force, and does not seem to have been a purchase by the grantees, but a donation for considerations not expressed. (10 Mo. 262; 2 Hennen's Dig. 1066.) The entire deed should be looked to, and the subsequent acts of the parties should have great weight. (3 John. 394; 26 Mo. 49; 28 Mo. 478.)

II. The limitation to the direct line in this case excludes collaterals who might be heirs, so that the children took as purchasers. (Willes, 332; 16 Ga. 615.)

BATES, Judge, delivered the opinion of the court.

This is a suit to recover possession of an undivided interest in a lot of ground in the city of St. Louis. The plaintiffs claim as representatives of one of the several children of Marianne Belford (*née* Guitarre). On March 31, 1810, Jean Latresse, being owner of the lot, executed a deed in the French language, which is translated as follows:

"Know all men by these presents, that I, Jean Latresse, residing in the town and district of St. Louis, and Territory of Louisiana, for the price and in consideration of the sum of one dollar, money of the United States, which has been well and duly paid me by Marianne Belford, by birth Guitarre; also, for other considerations, I have this day sold,

ceded, relinquished, abandoned and transferred, and by these presents I sell, cede, relinquish and transfer to the said Marianne Belford, by birth Guitarre, all the rights, titles, actions, claims and property which I have and can have in and to a lot (describing it) for the said Marianne and (*ainsique*) her heirs in a direct line, to have, manage and dispose of (*enjouir, faire et disposer*) at her will and pleasure, and as of property belonging to her, and so that the said lot above sold may not be pledged, obligated, aliened, encumbered and mortgaged to satisfy the engagements which Belford, the husband of the said Marianne, might enter into, it being necessary that the said lot should always remain as the property of the children, the heirs of the said Marianne, (*devant toujours le dit terrein sus vendu rester aux droits des héritiers enfans de la dite dame.*)"

On the 27th September, 1830, Marianne Belford, together with Francis Lafrance and wife, and Jean Latresse and wife, by deed, conveyed the same land to James Adams, said Marianne retaining the right of possession and use during her life.

Marianne Belford has since died; she had several children. In this case the court, at the instance of the defendants, instructed the jury as follows:

The deed from Jean Latresse to Marianne Belford, born Guitarre, read in evidence, vested all the title which said Latresse had in and to the premises therein described in said Marianne Belford in fee, and she had the power to convey the said title thereto absolutely. And the deed from said Marianne and others, read in evidence, and dated in 1830, conveyed said title to said James Adams.

The only questions for consideration arise upon the deed of Latresse to Marianne Belford. This deed evidently passed all the title which Latresse had in the premises, and it is contended on the one hand that the title so passed was vested in Marianne Belford in fee, with full power of alienation; whilst, on the other hand, it is contended for the plaintiffs that there was only vested in her a life estate, with remainder to her children. Accepting the translation of the deed given

in evidence as correct, we are of opinion that the expressions which are relied upon as limiting the right of Mrs. Belford to a life estate are not such limitations. The reference to her heirs in à direct line in that part of the deed which directs how she shall have, manage and dispose of the property, do not constitute her children purchasers; and being immediately followed by the statement of her power to dispose of the land at her will and pleasure, and as of property belonging to her, are no limitation upon her absolute power of alienation. The expression at the end of the deed, "it being necessary that the said lot should always remain as the property of the children, the heirs of the said Marianne," is only an explanation of the reasons for creating a separate estate in the wife, not subject to the obligations of her husband.

Judgment affirmed. Judges Bay and Dryden concur.