GLASS ET AL. *v.* GLASS ET AL.

No. 7492.

CONVEYANCE.—*Grantees not in esse.*—A conveyance of land to G., "and to the children of the said G. and assigns forever," conveys no estate in the land to the children of G. born subsequent to the execution of the conveyance.

From the Decatur Circuit Court.

*J. D. Miller* and *J. Gavin,* for appellants.

*W. A. Moore, C. Ewing* and *J. K. Ewing,* for appellees.

NIBLACK, C. J.—This was a proceeding instituted by James C. Glass and John Glass, against Clara Glass, Alvin Glass, Emmet Glass, Hattie Glass and Olive Glass, to quiet title to certain lands.

The facts alleged in the complaint may be briefly stated as follows:

That on the 28th day of February, 1853, one John Glass, the father of the said James C. Glass, by way of advancement to the said James C. Glass, conveyed to him, " and to the children of the said James C. Glass and assigns forever," two tracts of land in Decatur county, containing together one hundred and twenty acres, it being declared in the deed of conveyance, as the express intention of the grantor, that the said James C. Glass should not sell or convey away said lands until his youngest child should arrive at full age, and then only by the mutual consent of the said James C. Glass and his children, and that, in the event of the death of the said James C. Glass, leaving no child or children, the estate conveyed should revert to the grantor or his heirs, meaning by the children of said James C. Glass, as well the child then born as those which might thereafter be born to him; that it was further stipulated in the deed of conveyance, that the lands conveyed should be reserved by the said James C. Glass, as so much of the estate of the

grantor, John Glass, and be received by and charged against him, the said James C. Glass, on final settlement of said estate, such lands to be had and held by the said James C. Glass and his said children, and their heirs and assigns, forever; that, at the time of the delivery of the deed of conveyance, the plaintiff John Glass was the only child of the said James C. Glass then in being; that the plaintiffs had been in possession of the lands for twenty-four years; that the defendants were also the children of the said James C. Glass, and claimed an interest in the lands under the deed of conveyance above referred to, the said Emmet, Hattie and Olive being minors under the age of twenty-one years.

The defendants, the minors, appearing by their guardian *ad litem,* demurred to the complaint, but the court overruled their demurrer.

Issue being joined, the court found that the plaintiffs were the owners of the land described in the complaint, and decreed that their title be quieted, rendering at the same time judgment against the defendants for costs.

Error is assigned only upon the overruling of the demurrer to the complaint.

The question presented to us is, did the appellants, the defendants below, at the time of their respective births, acquire any estate or interest in the lands in controversy, under the deed described in the complaint?

It is the well settled law of real property, that there must be a person in existence to receive as well as to give a conveyance.

This principle does not apply to remainders, provided there is some ascertained person in being to take the immediate particular estate which is to sustain the remainder till the person who is to take shall come into existence. But a grant of an immediate estate to a person not in existence is void. A grant of a present estate to the

oldest son of A., who had no son when the deed was delivered, has been held to derive no validity from the subsequent birth of a son to A. 3 Washb. Real Prop., 4th ed., 266. This doctrine has been fully recognized by this court, in the case of *King* v. *Rea*, 56 Ind. 1.

It was the manifest intention of the grantor in the deed before us to convey an interest in the lands in suit to the children of James C. Glass, who might thereafter be born to him, as well as the one then in being, but he did not use apt words or adopt the proper method to accomplish that result.

Upon the facts as above stated, we feel constrained to hold, that the court did not err in overruling the demurrer to the complaint.

The judgment is affirmed, with costs.