No. 10,301.

## FLETCHER ET AL. *v.* FLETCHER ET AL.

DEED.—*Conditional Fee.*—*Rule in Shelley's Case.*—A deed of conveyance by one seized of lands in fee simple was " to S. J. and A. M. F. during their lives, one undivided moiety each, and then after their death to their chil- dren respectively in fee simple."   The grantees named had no children when the conveyance was made, but each afterwards had children born. to him.

*Held,* that the grant to S. J. and A. M. F. was at the beginning a condi- tional fee at common law, which, upon the birth of children, became an absolute estate in fee simple vested in them.

From the Marion Circuit Court.

*N. B. Taylor, F. Rand, E. Taylor* and *J. A. Holman,* for appellants.

NIBLACK, J.—Complaint by Stoughton J. Fletcher and. Allen M. Fletcher to quiet their title to certain real estate.

The complaint charges that, on the 30th day of December,,

1873, Stoughton A. Fletcher, Sr., was the owner in fee simple of certain lands in the county of Marion, in this State, giving a particular description of the lands; that the said Stoughton A. Fletcher, Sr., being the father of the plaintiffs, and for the purpose of making an advancement to them, on that day, together with his wife, Julia A. Fletcher, conveyed said lands to the plaintiffs by a deed of conveyance as follows:

" This Indenture Witnesseth, That Stoughton A. Fletcher and Julia A. Fletcher, his wife, of Marion county, in the State of Indiana, convey and warrant to Stoughton J. and Allen M. Fletcher, during their lives, one undivided moiety each, and then, after their death, to their children respectively, in fee simple, * * * * * * * * for the sum of thirty-nine thousand dollars, the following real estate in Marion county, in the State of Indiana."

Here follows the description of three tracts of land, the same of which the said Stoughton A. Fletcher was averred to be the owner as above; the first containing one hundred and sixty acres, the second containing eighty acres, and the third containing eight acres.

" In witness whereof the said Stoughton A. Fletcher and Julia A. Fletcher, his wife, have hereunto set their hands and seals this 30th day of December, A. D. 1873.

"S. A. FLETCHER.          [SEAL.]

"JULIA A. FLETCHER. [SEAL.] "

Which said deed of conveyance was duly acknowledged by the grantors, and afterwards recorded in the proper record book of deeds in Marion county; that at the time said deed was made and delivered to them neither of the plaintiffs had ever been married, nor had either of them ever had any children born unto them, but that since the execution of said deed both the plaintiffs have become married and had children born to them, who are still living, as follows: Julia Fletcher, Laura Louisa Fletcher and Stoughton Fletcher to the plaintiff Stoughton J. Fletcher, and Mary Fletcher and Fannie Fletcher to the plaintiff Allen M. Fletcher, all of

whom are made defendants to this action; that the defendants claim that by the terms of the deed of conveyance herein above set forth the plaintiffs have only a life-estate in the lands conveyed by it, and that they, the defendants, have the remainder in said lands in fee simple; that the claim of the defendants in that respect throws a cloud upon the title of the plaintiffs to the lands so conveyed to them by said deed. Wherefore the plaintiffs demand that their title be quieted.

The defendants, being minors, and acting through a guardian *ad litem* duly appointed by the court, demurred to the complaint, and their demurrer was sustained. The plaintiffs declining to plead further, final judgment was rendered against them upon demurrer. The only question presented for decision is, was the demurrer to the complaint correctly sustained?

A fee simple is the largest estate a man can have in lands, being an absolute estate in perpetuity, and is contradistinguished from other estates as a fee simple absolute. A determinable fee, a conditional fee, a qualified fee and a base fee are all classed under the same general head with, and partake of the nature of, a fee simple, and are each distinguishable by the words of limitation used in defining the estate conveyed.

The essential matter in the creation of a fee is that such an estate is brought into existence as *may* continue forever. Where an estate is granted subject to some condition in the instrument creating it, or to some condition implied by law to be thereafter performed, it is called a *conditional fee*. A *determinable fee* embraces all fees which are determined by some act or event expressed, in their limitation, to circumscribe their continuance, or inferred by law as bounding their extent. In its broader sense, a determinable fee embraces what is known as a conditional fee.

When it becomes an established fact that the event which may terminate the estate will never occur, a determinable fee enlarges into a fee simple absolute. So, when the condition

upon which a conditional fee rests has been performed, the estate becomes an absolute fee.

Upon the facts averred in the complaint before us, the estate conveyed to the appellants was, according to the definition given by the text-writers, a determinable, or, more strictly speaking, a conditional fee. If the appellants had died without issue the estate would, under the rules of construction recognized by the text-writers, as above, have reverted to the grantor. It is not material to this case to enquire, and, hence, we have not enquired, whether any of these rules of construction have been changed or modified by any statute of this State. In any event, when children were born to the grantees, the fee became absolute, and the estate was relieved of its liability to revert to the grantor. The estate then became, if it had not already been, as declared by the deed, an estate in fee simple, in the most enlarged meaning of that term, and, consequently, the absolute property of the appellants.

A limitation to one and his " right heirs " is the same as his " heirs," and a limitation directly to the " right heirs " of one carries a fee without adding the words " and their heirs." So, an estate to one and his " heirs male," or " heirs female," or to one and his heirs on the part of his father or of his mother, is a grant in fee simple, the limitation to the particular class of heirs being regarded as mere surplusage. Where, as in this case, the inheritance and remainder are in the same persons, the grantee takes the entire estate. Washb. Real Prop., Title Fee Simple; Preston Estates, 472, *et seq. ; King* v. *Rea,* 56 Ind. 1; *Glass* v. *Glass,* 71 Ind. 392; *Biggs* v. *McCarty,* 86 Ind. 352. See, also, *Shelley's Case,* 1 Coke, 88.

For the reasons given we have reached the conclusion that the demurrer to the complaint ought to have been overruled.

The judgment is reversed, with costs, and the cause remanded for further proceedings.