BEARSS *v.* CORBETT ET AL.

[No. 26,065. Filed July 3, 1931.]

*Lett & Lett,* for appellant.
*Condo & Batton,* for appellees.

MARTIN, J.—Eva Bearss brought this action alleging that she is the owner in fee simple of an undivided one-half interest in remainder, subject to a life estate of her mother, Adeline Bearss (nee Pierce), in certain real estate in the city of Marion, and seeking to quiet title thereto. The court sustained a demurrer to her complaint, which action of the court is the alleged error relied upon here. Upon her refusal to plead further, the court rendered judgment against her, from which judgment, she has appealed.

The complaint alleges that appellant's grandfather, Henry Pierce, on January 23, 1869, executed a quit-

claim deed to the land here in question (his wife joining therein) to his wife, Telitha Pierce, "during her life, then to Adeline Pierce during her life, and then to her children." Adeline Pierce was a daughter of Henry Pierce and at that time was unmarried and without issue. Adeline intermarried with Alvah Evans July 16, 1871, and a son, George A. Evans, the only issue of this marriage, was born March 30, 1874. Adeline was divorced from Alvah Evans May 3, 1880, intermarried with Frank G. Bearss January 31, 1881, and a daughter, Eva Bearss (plaintiff—appellant), the only issue of this marriage, was born May 9, 1892.

Adeline Bearss, on November 22, 1881, brought a suit in the Grant Circuit Court to quiet title to the land here in question, making defendants among others: Telitha A. Garver (Adeline's mother, who was formerly Telitha Pierce, wife and widow of Henry Pierce, who had intermarried with William Garver); Eveline P. Alexander and William D. Alexander, her husband (Eveline being Adeline's sister and the only other child of Henry Pierce); and George A. Evans (Adeline's son). Adeline's complaint alleged that she was the owner in fee simple of the real estate by reason of the deed (above referred to) executed by her father, Henry Pierce, January 23, 1869. Mrs. Garver and Mr. and Mrs. Alexander filed answers to this complaint, admitting its allegations to be true and disclaiming all right, title and interest therein. George A. Evans was served with process, was defaulted, and, it being suggested to the court that he was an infant (6 years of age), the court appointed a guardian *ad litem* for him, who filed an answer in general denial. The cause was tried and the court decreed that Adeline Bearss was the owner in fee simple of the real estate described, and that her title thereto be forever quieted against the defendants in said action, which judgment is in full force and effect and unappealed from. Eva Bearss was not a

party to this suit in 1881, at which time she was not yet born. After the rendition of said decree quieting the title in Adeline Bearss, she and her husband, by warranty deed, conveyed the land to Thomas J. Newby, and thence through 18 subsequent conveyances the title is traced to the defendants (appellees), who claim the title adversely to Eva Bearss. At the time of the filing of Eva's complaint, it is alleged that Telitha Pierce Garver had long since deceased but that Adeline Pierce Evans Bearss is still living. The foregoing complaint does not allege facts which show any title to said real estate to be vested in Eva Bearss, and the trial court correctly sustained the demurrer to it.

Under the law as it exists in Indiana at the present time, a grant "to A during her life, then to B during her life and then to her children" gives B (upon the death of A) a life estate, with a remainder over to her children after her death. *Hackleman* v. *Hackleman* (1925), 88 Ind. App. 204, 169 N. E. 539; *Alsman* v. *Walters* (1914), 184 Ind. 565, 106 N. E. 879, 111 N. E. 921; *Burrell* v. *Jean* (1925), 196 Ind. 187, 146 N. E. 754; *Busick* v. *Busick* (1917), 65 Ind. App. 655, 115 N. E. 1025, 116 N. E. 861; *Coquillard* v. *Coquillard* (1916), 62 Ind. App. 489, 113 N. E. 481. But (strange as it may seem to us now), under the law at the time the quiet-title suit of Adeline Bearss was decided, and up until the case of *McIlhinny* v. *McIlhinny* (1894), 137 Ind. 411, 37 N. E. 147, 24 L. R. A. 489, 45 Am. St. 186, overruled the case of *Fletcher* v. *Fletcher* (1882), 88 Ind. 418, such a grant gave B (i. e. Adeline Bearss), upon the death of A (i. e. death or disclaimer of Telitha Pierce), and, upon the birth of children to B, a title in fee simple. In the quiet-title suit of Adeline Bearss the Grant Circuit Court held, in accordance with the law as it then existed, that the fee-simple title was vested in her. It follows that there could be no remainder over to George

A. Evans or any other child of Adeline, then in existence or thereafter born.

The appellant, proceeding upon the theory that the deed of Henry Pierce conveyed a contingent remainder to the children of Adeline Bearss, contends that she (Eva Bearss) is now entitled to assert and enforce that interest, and that the doctrine of "virtual representation" does not serve to bar her by reason of the fact that George A. Evans, her half brother (as an infant defendant represented by a guardian *ad litem*), was a party to the quiet-title suit filed by their mother in 1881. The appellees urge that a contingently interested party, not in being at the time a judgment was rendered, will be bound by it by the doctrine of "virtual representation," if a representative of such party was a party to the record; that the law casts upon such representative party the burden and duty of representing the contingent estates as well as his own because of their common interest and the duty of bringing forward the entire merits of the controversy both in the protection of his own interests and that of any future contingent remainderman not yet born. The question thus presented was argued and considered at length both in this court and in the Appellate Court (see opinions of Appellate Court, *Bearss* v. *Corbett* [1926], 152 N. E. [Ind. App.] 866; *Bearss* v. *Corbett* [1927], 158 N. E. [Ind. App.] 299), but, in the view we take of the case, viz., that the complaint shows on its face that Eva Bearss was never vested with any interest in the property in question, it is unnecessary to determine the same.

Judgment affirmed.