### PARKER, ADMINISTRATOR, *v.* WRIGHT ET AL.

FORMER ADJUDICATION.—*Decedents' Estates.*—*Petition to Sell Land to Pay Debts.*—*Law of the Case.*—In a proceeding by an administrator to procure an order for the sale of land to pay debts, an answer of former adjudication, decreeing the land to be the property of the defendants, had in a similar proceeding by a former administrator of the same estate, is sufficient, although, had an appeal been taken in such prior proceeding to the Supreme Court, such decree would have been reversed.

From the Tippecanoe Circuit Court.

*G. O. Orth* and *A. O. Behm,* for appellant.

*W. D. Wallace* and *A. Rice,* for appellees.

BIDDLE, J.—Petition by the appellant, administrator *de bonis non* of the estate of Isaac H. Wright, deceased, to sell land for the purpose of paying the debts against the estate.

Answer in three paragraphs, the first and second of which were withdrawn and will be no further noticed.

To a third paragraph of answer, a demurrer alleging the insufficiency of the facts therein stated to constitute a defence was overruled, and exception reserved.

Final judgment against the appellant, from which he appeals.

The only question presented by the record arises upon overruling the demurrer to the third paragraph of answer.

This paragraph sets up a former adjudication of the same matter, between the same parties, wherein, upon the merits of the case, it was adjudged by a competent court, having jurisdiction of the subject-matter and over the persons of the parties, that Isaac H. Wright, the deceased, was not the owner of the land sought to be sold, but that the same was owned by the appellees. No objection is made to the answer, as to its form or the sufficiency of the averments; but it is claimed by the appellant, that, according to the decision of this court in the case of *O'Harra* v. *Stone,* 48 Ind. 417, the said Isaac H. Wright was the owner of said land at the time of his death. The former adjudication may be erroneous, but it is not invalid. If erroneous, the appellant should have appealed from its decision and had it corrected in this court. Not having done so, it has become the law of the case, as between the parties, and a muniment of the appellees' title to the land. It can not now be disturbed. The alleged error is not well taken. *Wilson* v. *Ray,* 24 Ind. 156; *The Columbus and Shelby Railroad Co.* v. *Watson,* 26 Ind. 50; *The State* v. *Hudson,* 37 Ind. 198; *Campbell* v. *Cross,* 39 Ind. 155; *Winship* v. *Win-*

*ship*, 43 Ind. 291; *Davenport* v. *Barnett*, 51 Ind. 329; *Wilson* v. *Vance*, 55 Ind. 584.

The judgment is affirmed, at the costs of the appellant, to be levied of the goods yet to be administered.