THE STATE, EX REL. MILLER, *v.* WEBSTER ET AL.

[No. 19,485.    Filed December 10, 1901.]

APPEAL AND ERROR.—*Evidence Not in Record.*—A bill of exceptions containing the evidence is not in the record where there is no order-book entry showing the filing of the bill after it was signed by the judge.  *p. 509.*

SAME.—*Transcript.*—*Authentication by Clerk.*—The transcript of the record of the proceedings in the trial court must be authenticated by the seal of such court, or it will not be considered on appeal.  *p. 509.*

From DeKalb Circuit Court; *E. D. Hartman,* Judge.

Action by the State on the relation of Joseph W. Miller, against Henry W. Webster and others.  From a judgment for defendants, plaintiff appeals.  *Affirmed.*

Chestnut *v.* Southern Indiana R. Co.

*E. B. Dunten, W. W. Holmes, F. S. Roby* and *S. A. Harper,* for appellant.

*J. E. Rose* and *J. H. Rose,* for appellees.

BAKER, J.—The relator began this action against appellee Webster as principal and his co-appellees as sureties upon the bond of Webster as trustee of Stafford township in De-Kalb county, to recover damages alleged to have been occasioned by the failure of the trustee to cause a certain public ditch in his township to be cleaned out and repaired. The liability is predicated upon §10 of the act of 1899. (Acts 1899, p. 53 *et seq.*) The case has been transferred here by the Appellate Court on the ground that the constitutionality of the act of 1889 is involved.

The only error assigned is the overruling of appellant's motion for a new trial. The grounds of the motion relate wholly to the admissibility and sufficiency of the evidence. Appellees insist that the evidence is not in the record. What purports to be an original bill of exceptions is incorporated in the transcript. There is no order-book entry showing the filing of the bill after it was signed by the judge. This was necessary. *Richardson* v. *Dawson, ante,* 187; *Shirk* v. *Lingeman,* 26 Ind. App. 630. Furthermore, the clerk of the Dekalb Circuit Court has failed to certify under his hand and the seal of the court that the bill of exceptions is the original or a copy of the bill filed in the cause, if it ever was filed. *Watson* v. *Finch,* 150 Ind. 183; *Fidelity, etc., Union* v. *Byrd,* 154 Ind. 47; Ewbank's Manual, §117, p. 177. Judgment affirmed.