## Dodd *v.* Shanton et al.

[No. 6,906. Filed February 23, 1910.]

1. Descent and Distribution.—*Widows.—Childless.*—Prior to the act of 1899 (Acts 1899, p. 131), a childless second wife took a fee simple in one-third of her husband's real estate, but his children by a former marriage, or their descendants, became her forced heirs. p. 381.

2. Descent and Distribution. — *Widows. — Childless. — Forced Heirs.—Husbands of.*—Where a daughter by a former marriage is the expectant forced heir of her father's childless second wife, and she, together with her only child, predeceases such childless second wife, her husband takes no interest in such land, the act of 1901 (Acts 1901, p. 554) providing that the children, or their descendants, shall become such heirs. p. 381.

3. Descent and Distribution.—*Widows.—Childless.—Heirs of.—Law Governing.*—The law in force at the death of a childless second wife governs as to the persons who shall be her heirs. p. 381.

4. Deeds.—*Partition.—Childless Second Wife.—Forced Heirs.*—A deed by a childless second wife's expectant forced heir—a child

by the husband's former marriage—to such wife merely for the purpose of partitioning such husband's land, conveys no additional title.  p. 381.

5. DEEDS.—*Consideration.*—*Expectant Forced Heirs of Childless Second Wife.*—*Estoppel.*—A deed from the expectant forced heirs of a childless second wife, of the land to be inherited, in trust for the benefit of the grantors, does not preclude such grantors, under §3020 Burns 1908, Acts 1899, p. 131, §3, estopping such children when a deed is executed thereto supported by a valuable consideration, from claiming such lands.  p. 381.

6. JUDGMENT.—*Partition.*—*Title.*—*Childless Second Wife.*—*Heirs of.*—In a suit, for partition, by a childless second wife against the descendants of a child of her husband by a former marriage, including the husband of a deceased daughter, a decree dividing the land and providing that the plaintiff shall hold the fee of a certain part and that such part should descend to such children, or their descendants, as such widow's forced heirs, gives to such husband no right as an heir.  p. 382.

From Superior Court of Marion County (70,967) ; *John L. McMaster*, Judge.

Suit by Frank Dodd against Ella F. Shanton and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*William Bosson* and *John W. Claypool*, for appellant.
*Morris M. Townley*, for appellees.

ROBY, J.—Suit by appellant · for the partition of real estate. Verdict and judgment for appellee. The overruling of appellant's motion for a new trial is the only assignment of error that needs to be considered. The facts are not in dispute. They are as follows: In 1878, Lorenzo Van Scyoc died intestate, seized of certain real estate in Marion county. He left surviving him as his sole heirs a childless second wife, Esther Van Scyoc, and a daughter by a previous marriage, Almira Mustard. Shortly after his death there was an amicable partition between the widow and the daughter and an interchange of deeds, the widow deeding to the daughter a parcel of 187 acres, and the daughter deeding to the widow a parcel of 182 acres. Both deeds recited that they were executed to confirm the partition. The

conveyance from the widow to the daughter was an ordinary conveyance in fee simple. The conveyance from the daughter to the widow purported on its face to convey only a life estate. This is the parcel of land in controversy. The parcel which was conveyed by the widow to the daughter is not in controversy. On June 22, 1899, Almira Mustard executed a conveyance in trust to Henry M. Hessong. This conveyance not only described the real estate then owned by Almira Mustard, but also the real estate owned by Esther Whitinger, formerly Esther Van Scyoc, the widow of Lorenzo Van Scyoc. By the terms of the trust deed Hessong was to hold the real estate in trust for Almira Mustard during her life with remainder to her children. The deed furthermore provided that "the active duties of the trustee herein named shall not commence as to the Whitinger property hereinbefore named until the termination of the life estate to which the same is now subject." Under this instrument of trust, Hessong, as trustee, took possession of the parcel not in controversy. The parcel in controversy remained in the possession of Esther Whitinger. On June 9, 1900, Almira Mustard died, leaving surviving her six children, namely: Ella F. Shanton, Rebecca J. Hessong, Cora F. Hessong, Mary E. Harcourt, Fanny F. Johnson and Josie M. Dodd. On July 9, 1910, the daughters of Almira Mustard, their husbands joining, executed an instrument wherein Henry M. Hessong was continued as trustee pursuant to the terms of the trust deed executed by Almira Mustard on June 22, 1899. By the terms of this instrument the trust before referred to was to continue until Hessong collected sufficient rents to discharge certain liabilities of the estate of Almira Mustard. Subsequent to the execution of the supplemental trust agreement before referred to, and during the year 1900, Josie M. Dodd, one of the children of Almira Mustard, died intestate. She left surviving her a child and her husband, Frank Dodd, appellant herein. The child survived its mother but a few days, leaving appellant as its sole heir.

On January 24, 1901, Esther Whitinger instituted a suit against all of the appellees and against appellant Frank Dodd, seeking to quiet her title to the parcel of the real estate in controversy. There was an appearance by all defendants, including Dodd, and answers in general denial were filed. This cause came on for trial, and the court made a special finding of facts and stated its conclusions of law thereon. It was found that Lorenzo Van Scyoc had died seized of certain real estate, of which there had been an amicable partition between his widow and his daughter; that, in order to confirm such partition, deeds had been exchanged whereby the parcel in controversy had been conveyed to the widow, and the parcel not in controversy conveyed to the daughter. The court concluded that as the result of such partition the widow, Esther Whitinger, was the owner of the parcel in controversy in fee simple, subject to the qualifications that as a childless second wife her fee simple ownership would terminate at her death, provided there might be alive at that time any of the children of Lorenzo Van Scyoc by his previous marriage, or any of the descendants of such children; that in the event of the death of Esther Whitinger, leaving such children or their descendants surviving her, the real estate in controversy would descend to such children or their descendants as the forced heirs of Esther Whitinger. A decree followed, quieting the title of Esther Whitinger in fee simple, subject to the qualifications before mentioned. The date of this decree was January 18, 1902. On June 5, 1903, Henry M. Hessong, trustee, having accomplished the purpose of the supplemental trust agreement of July 9, 1900, executed a conveyance of the parcel not in controversy to the beneficial owners thereof. Appellant, having inherited from his wife and his child a fractional part of this parcel, was one of the grantees therein.

The childless second wife inherited from her husband the fee of the land in controversy, and his children or their

descendants living at her death became her heirs to such land. *Utterback* v. *Terhune* (1881), 75 Ind. 363; *Bateman* v. *Bennett* (1903), 31 Ind. App. 277; *Fry* v. *Lawson* (1904), 32 Ind. App. 364.

The appellant was not one of the husband's children. His wife, who was one of the children, departed life before the widow, as did their only child, and the appellant is not entitled to any part of the land under the rule of descents declared by the cases cited, either immediately or otherwise. The acts of 1899 and 1901 changed the rule of descent. Acts 1899, p. 131, §1, Acts 1901, p. 554, §§3018, 3019 Burns 1908.

The children of the husband were expectant heirs only, and their estate is fixed by the law in force at the death of the wife. *Burgel* v. *Merritt* (1900), 155 Ind. 143, 147.

Neither appellant's wife nor his child acquired any interest in the land in dispute, and he could not take from them that which they never had under the statute, any more than by the law of the case of *Utterback* v. *Terhune, supra.* This brings us to a consideration of the effect of the deeds and decree quieting title. The deeds between Almira Mustard and her father's second wife conveyed no additional title, it being recited therein that such deeds were executed to confirm partition. *Habig* v. *Dodge* (1891), 127 Ind. 31; *Bumgardner* v. *Edwards* (1882), 85 Ind. 117; *Moore* v. *Kerr* (1874), 46 Ind. 468; note to *Cottrell* v. *Griffitts* (1901), 57 L. R. A. 332. The deed from Almira Mustard to Hessong, in trust for the benefit of the persons named, does not come within the provision of section three of the act of February 24, 1899 (Acts 1899, p. 131, §3020 Burns 1908), for the reason that it is not made to appear that said lands were conveyed for a valuable consideration, nor that Almira Mustard received payment therefor. The recitals

of the deed are as follows: "The grantor is of feeble health and physically unable to care for her landed interest, and is desirous of placing the same in the hands of a trustee to care therefore during her life, for her benefit, and to dispose of the fee simple upon the termination of her life estate. Now, therefore, in consideration of $1 in hand paid to the grantors herein and other sufficient consideration," etc. The purpose of §3020, *supra*, was to stop the unconscionable practice of recovering the land by the heir after he had once been paid for it. *Burget* v. *Merritt* (1900), 155 Ind. 143. One desiring the benefit of the statutory estoppel must bring himself within its provisions. Neither appellant nor his wife is shown to have parted with any value as a part of this transaction, and neither the letter nor the reason of the act is available to appellant.

The decree quieting title was in favor of the widow under whom appellees claim. It did not and could not change the statute of descents. It conferred no right upon appellant's wife, but was against her as to any then-present title. The motion for a new trial was properly overruled.

The judgment is affirmed.