### HURST ET AL. *v.* MANN ET AL.

[No. 7,735.    Filed November 27, 1912.]

1. APPEAL.—*Rulings on Demurrers.—Motion for New Trial.—Briefs.*—Where error in sustaining certain demurrers and in overruling a motion for a new trial is relied on for reversal, appellant's failure to set out in his brief the demurrers and motion, or the grounds of each, is such failure to comply with the court rules as to warrant an affirmance of the judgment. p. 467.

2. APPEAL.—*Transcript.—Bill of Exceptions.—Clerk's Certificate. —Seal of Court.*—The bill of exceptions should precede the clerk's certificate, and unless the transcript is attested by the

clerk with the seal of the court, the evidence contained in such bill of exceptions cannot be considered. p. 468.

3. HUSBAND AND WIFE.—*Judicial Sale of Husband's Land.—Interest of Wife.—Rights of Surviving Husband.*—Where, following the judicial sale of a husband's lands, the wife's interest therein was set off to her in a partition proceeding under the provisions of §3052 Burns 1908, §2508 R. S. 1881, the title acquired by her was an absolute one, which, if undisposed of during her life, vested in the husband at her death under the provisions of §3054 Burns 1908, §2510 R. S. 1881, so that a quitclaim deed by the husband of his interest therein after the death of the wife passed complete title. p. 468.

4. FRAUD.—*Complaint.—Sufficiency.*—A complaint alleging that a signature to a deed was obtained by fraud, but failing to allege the facts and circumstances constituting the fraud, is insufficient. p. 469.

From Benton Circuit Court; *James T. Saunderson*, Judge.

Action by William D. Hurst and others against Allen W. Mann and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*John M. Stinson*, for appellants.

*Lee Dinwiddie* and *Hanly, McAdams & Artman*, for appellees.

IBACH, C. J.—Action by appellants against appellees to quiet title in which appellees recovered judgment. Appellants have assigned error in sustaining demurrers to the second, third and fourth paragraphs of complaint, and in overruling their motion for new trial.

They have not set out in their brief the demurrers or the grounds thereof, nor the motion for a new trial or the grounds thereof. These failures to comply with the rules of this court are alone sufficient to cause us to affirm the judgment. Rule 22, Supreme and Appellate Courts; *Holliday* v. *Anheier* (1910), 174 Ind. 729, 93 N. E. 1; *Anderson* v. *Leonard* (1912), *ante*, 14, 98 N. E. 891.

What purports to be a bill of exceptions containing a longhand transcript of the evidence is attached to the tran-

script following the clerk's certificate and the seal of the court. It seems to us that the bill of exceptions should precede the clerk's certificate, but in any event the evidence in the present case could not be considered, because not attested by the clerk with the seal of the court. §§667, 690 Burns 1908, Acts 1903 p. 338, §7, §649 R. S. 1881; *Johnson* v. *Johnson* (1901), 156 Ind. 592, 60 N. E. 451; *State, ex rel.,* v. *Webster* (1901), 157 Ind. 508, 62 N. E. 8.

So far as we can ascertain from an examination of the briefs, the facts are that the real estate in controversy came to Margaret Hurst, the wife of plaintiff David Hurst, and the mother of the other plaintiffs, as the result of a judicial sale. The real estate before the sale was the property of her husband. It was sold by the sheriff on a judgment against the husband. When the title ripened in the purchaser, he sued the wife for partition, her interest was set off to her, and she subsequently died the owner of such interest. After her death her husband, David Hurst, signed a deed quitclaiming his interest in these lands to appellee Stemble for the sum of $800. Appellants are claiming title in this action as heirs of Margaret Hurst. In this they could not succeed. The title acquired by her in the partition was an absolute one, which she could have disposed of during her lifetime, but she did not do so. At her death under §§3052, 3054 Burns 1908, §§2508, 2510 R. S. 1881, her entire interest went to her husband, David Hurst, he having survived her and the marriage having continued. This is a peculiar statutory estate, existing only in cases like this, and the husband takes the title of the wife, not as her heir, but solely because of the statute, by virtue of the marriage relation. Such being the facts, if the quitclaim deed executed by David Hurst was valid, appellants could in no way claim any interest in the estate in controversy. They did not inherit any interest in

the estate from their mother. All her interest went to her husband. He quitclaimed his interest to appellees.

By one paragraph of complaint there was an attempt to show that the signature of David Hurst to the quitclaim deed was fraudulently obtained, but the facts and circumstances constituting fraud are not pleaded, there is no showing made of false representations and artifices used to obtain the signature, and the paragraph was clearly insufficient. *Norris* v. *Scott* (1892), 6 Ind. App. 18, 32 N. E. 103, 32 N. E. 865; *Jackson* v. *Myers* (1889), 120 Ind. 504, 22 N. E. 90, 23 N. E. 86.

So far as we can determine from the briefs of appellants and appellees, the case was decided rightly below, and if the case had been properly presented the judgment must have been affirmed.

Judgment affirmed.

NOTE.—Reported in 99 N. E. 828. See, also, under (1) 2 Cyc. 1014; (2) 3 Cyc. 110; (3) 14 Cyc. 69; (4) 20 Cyc. 96. As to quitclaim deeds, see 105 Am. St. 854.