### McKern et al. v. Beck et al.

[No. 10,373. Filed March 17, 1920.]

1. APPEAL.—*Time for Taking.*—The time within which an appeal may be taken is to be computed from the date of the ruling on the motion for new trial, where by such ruling the subject-matter of the litigation is finally disposed of. p. 100.

2. FRAUD.—*Pleading.—Essentials.*—To allege that a thing is done fraudulently or with a fraudulent purpose is not sufficient; the facts and circumstances constituting the fraud must be pleaded. p. 101.

3. INFANTS.—*Actions Against.—Scrutinizing.—No Presumption of Fraud.—Parent and Child.*—A father has a right to bring an action against his minor children residing with him, and there is no presumption of fraud therefrom, although such an action should be closely scrutinized. p. 101.

McKern v. Beck—73 Ind. App. 92.

4. INFANTS.—*Actions Against.—Process.—Jurisdiction.*—When a complaint is filed against minor defendants, the due issue and service of summons upon each thereof gives the court jurisdiction over the parties.  p. 101.

5. INFANTS.—*Actions.—Guardian Ad Litem.—Suggestion by Adverse Party.*—While trial courts are to be discouraged from appointing persons as guardians *ad litem* who are suggested by parties adverse to infant defendants, it does not follow that such an appointment is fraudulent, nor that it will render a judgment void or voidable in the absence of collusion or deception practiced upon the court.  p. 102.

6. PARTITION.—*By Act of Parties.—Simple Severance of Interest.—Effect of Attempt to Reduce Interest of Illiterate Heir Without His Knowledge or Consent.—Quieting Title.*—Where heirs make deeds to one another to effect a severance of interests, and none receives in severalty a greater or less portion than he had before, provisions in the deed dealing with the interest of one, inserted by the others without his knowledge or consent, he being unable to read and not being informed thereof, and receiving nothing therefor, by which the title was assigned to himself and wife during life, with remainder to his children, cannot be given the effect of reducing his interest in the common estate thus divided; and a complaint by such heir based on such facts, in a suit against his wife and children, praying to be declared the sole owner of the lands described in such deed, etc., was sufficient.  p. 102.

7. JUDGMENT.—*Attack for Fraud.—Pleading.—Quiet Title.*—In an action to quiet title, a cross-complaint alleging that plaintiff's grantors were actually the owners of but life estates in the lands, with the fee in remainder in their children, and that the grantor husband had fraudulently obtained a judgment against his wife and children declaring the fee simple to rest unconditionally and absolutely in him, but which fails to aver that the allegations in the complaint in such former action were false or fraudulent, or that any evidence received therein was false, or to make any specific averment whatever of any fraudulent act practiced by the plaintiff in such former action, or to show how the judge therein was misled or deceived, was subject to demurrer.  p. 104.

8. QUIETING TITLE.—*Evidence.—Judgment.—Admissibility.*—In an action to quiet title a proceeding among the necessary parties, and the judgment therein declaring plaintiff's grantor to be the sole owner in fee of the real estate described in a deed to him and others, and carrying provisions limiting his interest to a life estate, and the deeds following, are admissible in evidence to prove plaintiff's chain of title.  p. 105.

9.  QUIETING TITLE.—*Parties.*—In a suit by·an heir to quiet the title in fee in himself as against his wife and children, named by his coheirs without his knowledge or consent as grantees with him to different interests in the real estate set off to him, where such coheirs had, by partition deeds, each received his full interest in the common real estate, they thereafter had no interest in the real estate involved in such action, and were not necessary parties thereto, the only persons involved in the title being the persons named in such deed.  p. 105.

From Boone Circuit Court; *Joseph Combs,* Special Judge.

Action by Albert Beck and others against Jack McKern and others.  From a judgment for plaintiffs, the defendants appeal.  *Affirmed.*

*Ira M. Sharp,* for appellants.

*Samuel Ashby* and *Charles D. O'Rear,* for appellees.

NICHOLS, C. J.—This action by appellees against appellants and others was to quiet title to certain real estate in Boone county, Indiana.  The appellees' complaint was in the ordinary form of such actions.  There was an answer in general denial to the complaint by part of the appellants who also filed eventually an amended second paragraph of cross-complaint, which will hereafter be designated as cross-complaint.  Appellees Beck and Randel filed their separate demurrers and appellee Bevington filed his separate demurrer to said cross-complaint, each of which was sustained, and, cross-complainants refusing to amend the same and electing to stand thereon, judgment was rendered against them on said cross-complaint for costs.  The cause was tried by the court, and judgment was rendered for appellees quieting their title to the real estate described in the complaint.  After motion for a new trial, which was overruled, appellants now prosecute this appeal.

The cross-complaint avers in substance as follows: On February 20, 1890, Eliza H. Taylor, James

L. Taylor, and Rachael Taylor, his wife, William R. Taylor and Eliza J. Taylor, his wife, duly executed and delivered their deed of general warranty conveying the land therein, and in the complaint described, to Marion Taylor and Mary H. Taylor, his wife jointly, and at their death said land to descend to their children equally, which deed was duly acknowledged and recorded in the recorder's office of Boone county, Indiana. By said deed the grantors conveyed and warranted to said Marion Taylor and Mary H. Taylor, his wife, for and during their natural lives, the said real estate, and conveyed the remainder in said land in fee simple to the children of said Marion Taylor and Mary H. Taylor, his wife, to wit, Lue E. Taylor, Gussie F. Taylor, Ollie F. Taylor, Cecil C. Taylor and Ross E. Taylor. By virtue of the aforesaid deed, said Marion and Mary H. Taylor, his wife, became and were the owners as tenants by entirety of said land for and during their natural lives, and said children were the owners and tenants in common of the remainder thereof in fee, subject only to the life estate. On January 26, 1897, said Marion Taylor and Mary H. Taylor, his wife, and the above-mentioned children were residing on said land, and at that time said children were minors and under the age of twenty-one years; that on said date the children were living with their father and mother, were under the control of said Marion Taylor, and had no legal guardian of either person or property; on said date said Marion Taylor for the purpose and with the intent to cheat, wrong and defraud said children out of lands, and to deprive them of any interest in the lands as the owners thereof, filed his complaint in the Boone Circuit Court making his said children parties thereto, and averring in said complaint that: One William R. Taylor died in the year 1889 in said county, leaving a widow, Eliza H. Taylor, and his sons, James L., William R., and said Marion Taylor as

his sole and only heirs at law; at the time of the death of said William R. Taylor, he was the owner in fee simple of a large tract of land which descended to his widow and said three sons; on February 20, 1890, the widow and the three sons made and entered into an agreement for the partition of all of said real estate; it was then and there agreed as to the specific portion of said real estate which each of said heirs should have, and that they should convey to one another by proper deed of conveyance the real estate which had been agreed between the parties should be set off to each; there was assigned to said Marion Taylor, as his portion of the real estate descended to him from his father, the real estate involved in this action; the widow and her three sons all joined in respective deeds to each of the sons of said real estate for such grantee's respective interest therein, but in making such conveyance, instead of conveying to Marion Taylor his interest which it was agreed that he should receive in said real estate, they conveyed the same to said Marion Taylor and Mary H. Taylor, his wife, and at their death to their children equally. At the time of the execution of the deed, said Marion Taylor and Mary H. Taylor by their marriage had five children, all of whom are named above and were made defendants in said action, and all of whom were minors at the time said respective deeds were written and signed by the parties, it is averred that Marion Taylor had no knowledge that the same was being made to him and his wife jointly and at their death to descend to their children equally. He was unable to read, and the grantor did not inform him that said deed was so made and that he had no knowledge thereof. The complaint further averred that the defendants therein, being the minor children, had no equity or interest in said real estate, but the same was the sole property of plaintiff, having descended to him as an heir of William R.

Taylor, deceased.   Nothing was paid to the said Marion Taylor for his interest in said real estate, and he was not consulted by the grantors in said deed, nor by the person who prepared the deed, as to whom said real estate should be conveyed, and under the agreement between himself and his said tenants in common his interest in said real estate was to have been conveyed to him.   The taxes were delinquent and the amount thereof with costs was nearly $500, and the time of redemption of said real estate was February 11, 1897. Plaintiff had no property, except some personal property of not much value and he was unable to raise money to redeem the said land from sale by virtue of said taxes, and owing to the condition of the title he was unable to mortgage or sell any part thereof to raise money to redeem it from the lien of said taxes.   In said complaint there was a prayer that Marion Taylor be declared the sole owner of said real estate and that a commissioner be appointed with instructions to execute and deliver to him a deed therefor.

Marion Taylor caused a summons to be issued on said complaint for all of his children, all of whom were named as defendants in said complaint, and such summons was duly served upon said defendants and due return made thereof.   There were no other defendants to said action than the children of Marion Taylor, except said Mary H. Taylor, his wife, who made default, and permitted a decree entered against her.   After default of the said children, a guardian *ad litem* was appointed by the court upon the request of the said Marion Taylor, and such guardian *ad litem* accepted such appointment with the understanding and belief that his duties were merely formal.   Having no knowledge of the nature of said action, nor how the same was to affect the interests of the children for whom he acted,

he accepted such appointment only for the purpose of accommodating said Marion Taylor in the procurement of the order and decree of the court aforesaid. Such guardian *ad litem* filed his answer in general denial, after filing which he gave no further attention to the cause, and took no further steps to protect the interests of said infants. The cause was submitted to the court for trial. No one was heard at said trial except said Marion Taylor. There was no objection, exception or cross-examination of witnesses, or other participation by said guardian *ad litem* or any other person, for said children upon the hearing of such cause. The court rendered a decree in favor of said Marion Taylor purporting to set aside and cancel said deed and purporting to declare and decree the title to said land should vest absolutely and unconditionally in said Marion Taylor. The court thereupon appointed John A. Abbott a commissioner of the court, who was ordered to execute and deliver to said Marion Taylor a deed of conveyance for said real estate. Cross-complainants further aver that at the time of the hearing of said cause and rendition of said decree, the judge of said court believed, from the statements and evidence of said Marion Taylor and his attorney, and from the actions and conduct of said guardian *ad litem* that said infant children had no right, title or interest to said real estate or any part thereof, and was deceived and misled as to the real nature of the action, and that had such judge known the facts he would not have entered said decree. Cross-complainants aver that said decree was void for the following reasons: (1) It appears from the fact of the complaint so filed by said Marion Taylor that no cause of action of any kind, character, or description was set forth or charged in said complaint against the defendants thereto. (2) That said complaint, if it contained a legal and sufficient statement of any cause of action

against any person, must show that the grantors in the above-mentioned deed had been guilty of the perpetration of a fraud upon said Marion Taylor; but none of said grantors were made parties to said suit, nor ever had their day in court, and that the court had no jurisdiction over them. (3) The acts of said Marion Taylor and his attorneys in procuring the appointment of the guardian *ad litem* and causing him to file an answer was a mere matter of form, and deceived the court and deprived the children of their right in the land when they were helpless and dependent upon said Marion Taylor for protection and support, and by his act he gave the transaction the appearance of being in good faith an adversary proceeding, when in truth and in fact it was wholly to the advantage of said Marion Taylor and to the disadvantage of his said children, whose rights were wholly undefended.

After the rendition of the decree in said former action, one of said children, Lue E. Taylor, married one Jack McKern, by whom she had two children, Artie and Audra McKern, and died before the beginning of this suit, leaving her said children as her only heirs at law, and the said Gussie F. Taylor married and died before the bringing of this suit leaving two children, said Ralph and Delma Taylor, and his wife, Minnie Taylor, as his only heirs at law. His wife afterward married one Hawley and is now known as Minnie Hawley. The said Rosa E. Taylor before the beginning of this suit married one Gerald Jackson, and is now known as Rosa E. Jackson, and said Mary H. Taylor, wife of the said Marion Taylor, died long before the beginning of this suit.

Cross-complainants say that the order and judgment of the court in the former action was and is void, because of the manner in which it was procured, and that it ought to be set aside. After the entry of said former

decree Marion Taylor and his wife executed a deed or deeds for all of the above-mentioned land to the appellees, Albert Beck, Roy R. Randel, and Samuel E. Bevington, who now claim to be the owners in fee simple of all of the said real estate; that each of said appellees so claiming to be the owners of the land aforesaid had full notice and knowledge of the facts set forth in this cross-complaint at the time they accepted the said deed or deeds, and knew the cross-complainants were the owners in fee simple of said real estate, subject only to the life estate of Marion Taylor and his wife. They pray that said former decree be nullified and set aside and that they be adjudged the owners in fee simple of said real estate, subject only to the life estate of the said Marion Taylor.

The errors assigned and relied upon for reversal are that the court erred in sustaining the separate demurrers of each of the appellees to the cross-complaint, and that the court erred in overruling the motion for a new trial.

Appellees present a question as to whether the transcript was filed in time in this court. The subject-matter of the litigation was not finally disposed of

1. until the motion for a new trial was overruled, and the time within which the appeal could be taken must be computed from the date of that ruling. *Terre Haute, etc., R. Co.* v. *Indianapolis, etc., Traction Co.* (1906), 167 Ind. 193, 78 N. E. 661. The transcript was filed in time. Other technical questions are presented, but, without deciding such questions, we will decide the case upon its merits.

The substantial question that we need to consider is whether the ruling of the court in sustaining the demurrers of appellees to the cross-complaint was error, for, as is said in appellant's reply brief, if this ruling was right, no error was committed in the admission of

McKern v. Beck—73 Ind. App. 92.

the evidence to which appellants objected, and, we may add, in overruling the motion for a new trial; but, if such ruling was wrong, then the motion for a new trial should have been sustained.

Appellees state that the theory of the cross-complaint is that Marion Taylor perpetrated a fraud on the court, as well as a fraud upon his children, by means of his false and fictitious complaint so filed by him, and that the filing of said complaint was the first step by him in the perpetration of the fraud. It is averred in the cross-complaint that Marion Taylor, with the purpose and the intent to cheat, wrong and defraud the said children out of the lands, and to deprive them, without any consideration therefor, of any interest in said lands as the owners thereof, filed his complaint. To say that a thing is done with fraudulent purpose, or that it is fraudulently done, is not a sufficient allegation of fraud either of purpose or deed. The facts and circumstances constituting the fraud must be pleaded. *Hurst* v. *Mann* (1912), 51 Ind. App. 466, 99 N. E. 828. We must then examine the conduct of Marion Taylor, as disclosed by the pleading, to determine, if possible, in what his fraudulent acts consisted.

That a father has a right to bring an action against his minor children, even though they reside with him in his home, has recently been decided in the Supreme Court of this state (*Young* v. *Wiley* [1915], 183 Ind. 449, 458, 107 N. E. 278) ; and, while such an action should be closely scrutinized, there is no presumption of fraud arising therefrom. When the complaint was filed, summons was duly issued, and served upon each of the defendants thereto, thereby giving the court jurisdiction over the parties.

It is averred in the cross-complaint that the guardian *ad litem* who represented the minor defendants and who was an attorney practicing in the Boone Circuit Court

was suggested by the plaintiff, Marion Taylor, and being appointed filed his answer as such, and thereafter gave the matter no further attention. Trial courts are certainly to be discouraged in making appointments suggested by the adverse parties, but it does not follow that such an appointment is fraudulent, or that it will render a judgment void or voidable, in the absence of collusion or of deception upon the court. It is plainly averred in the complaint that the defendants were the children of said Marion Taylor, and that they were all minors. It cannot be said that the court did not in the trial of the cause give due consideration to their legitimate rights.

Appellants contend, as averred in their cross-complaint, that the judgment is void for the reason that the complaint filed by Marion Taylor stated no cause of action of any kind, character, or description, and did not pretend to state any cause of action whatsoever against said infant children, nor against Mary Taylor, the mother of said children and the wife of said Marion Taylor. We do not so understand the complaint. As we read it, it stated a right of recovery, and in this it differs substantially from the facts in the cases of *Cotterell, Admr.,* v. *Koon* (1898), 151 Ind. 182, 51 N. E. 235, and *Kirby* v. *Kirby* (1895), 142 Ind. 419, 41 N. E. 809, which cases are relied upon by appellants. It has been many times decided in this state that the mere partition of land, either by decree of court or by exchange of partition deeds, does not vest in any one of the parties any additional title, and that such a partition does not settle questions of title, and that each of the partitioners holds the same title as they held before such partition proceeding, whether by deed or decree. *Dodd* v. *Shanton* (1910), 45 Ind. App. 377, 90 N. E. 1041; *Mickels* v. *Ellsesser* (1898), 149 Ind. 415, 49 N. E. 373; *Haskett* v. *Maxey* (1893), 134 Ind.

182, 189, 33 N. E. 358, 19 L. R. A. 379; *Thompson* v. *Henry* (1899), 153 Ind. 56, 54 N. E. 109; *Stephenson* v. *Boody* (1894), 139 Ind. 60, 67, 38 N. E. 331. At the death of the father of Marion Taylor, he became the owner by descent of an undivided two-ninths of the real estate of which his father died seized. The complaint which is set out in the cross-complaint alleges that certain deeds were made by which the interests of Marion Taylor and his coheirs were severed. It is not averred in the complaint that any one of such heirs received a greater interest in the estate than he had before, or that he received a less estate. On the contrary, it is averred in the complaint that is set out in the cross-complaint that there was assigned to Marion Taylor the portion of the real estate that had descended to him from his father. The deeds that were made simply accomplished a severance of interest. When we say that the mother of Marion Taylor and his two brothers each received, by the partition deeds, the same interest in the real estate which had descended to them that each of them had before such deeds were executed, we are then unable by any process of reasoning to see how, so receiving their full interest, they could by any deed of conveyance without his knowledge and consent, as averred in the complaint, reduce his interest below that which he had received by the law of descent. The deeds being made for partition purposes conveyed to each of the heirs, including Marion Taylor, in severance, the same interest as held theretofore, and any attempt either to increase the interest or to decrease it must be held to be without force. Appellants say that there is no allegation in the cross-complaint of any partition proceeding, but that such allegation is found only in the complaint which is quoted in the cross-complaint. This is true, but it does appear by the cross-complaint that the original cause was submitted to the court for trial, and that the court

after hearing evidence found for Marion Taylor, the plaintiff herein, which was a finding that the substantial facts of the complaint were true.

Further, we note that appellants make no averment in their cross-complaint that the allegations in the complaint of Marion Taylor were false and fraudulent. If such were the case it would have been easy and certainly very helpful to the appellants' cause of action if they had so averred in their cross-complaint. Without any averment to the effect, we are yet unable to see in what the fraudulent conduct of Marion Taylor consisted. There are certainly no specific averments in the cross-complaint of any of his fraudulent acts. After setting out the complaint, together with the fact of the answer of the guardian *ad litem* thereto, to the effect that no evidence was heard except that of Marion Taylor, there is then no averment that the evidence given to the court by said Marion Taylor was false. The only averment is that the judge of the court believed from the statements and the evidence of said Marion Taylor and his attorney, and from the actions and conduct of said guardian *ad litem*, that the infant children in said action had no right, title or interest in and to said real estate or any part thereof, and that the said judge, by reason of the aforesaid conduct and statements of Marion Taylor and his attorney, and the guardian *ad litem*, was deceived and misled as to the real nature of the action. Just how the court was deceived and misled is certainly not revealed by the allegations in the cross-complaint; such allegations are far from charging specific acts of fraudulent conduct on the part of Marion Taylor. With only these allegations before us, we certainly cannot hold that the judgment of the trial court in the original action was based upon fraud and was thereby rendered either void or voidable. The case of *Young* v. *Wiley, supra,* is very

much in point.  The demurrers to the cross-complaint were properly sustained.

Having decided that the allegation of the cross-complaint do not make a case of fraud in the original proceeding and judgment, we hold that such proceeding and judgment, together with the successive deeds made subsequently thereto, were competent in evidence for the purpose of proving the chain of title of appellees.

Appellants contend that the complaint in said original proceeding was not competent in evidence for the reason that the coheirs of Marion Taylor were not made parties thereto and that the original action was for the purpose of setting aside the deed of conveyance by them executed to Marion Taylor and his wife, as tenants by entirety aforesaid, and then to their children as aforesaid.  There is no merit in this contention.  These coheirs and each of them had had their full interest in said real estate set apart to them according to their partition agreement, and thereafter they had no interest in the real estate involved in this action; the only persons involved in the title of such real estate being the parties named in such complaint.

The judgment of the court in favor of appellees was sustained by the evidence, and was not contrary to law, and the motion for a new trial was properly overruled. The judgment is affirmed.