KING ET AL. v. KING ET AL.

[No. 11,378.    Filed March 8, 1922.]

1. PARTITION.—*Title.*—The mere partition of land, either by decree of court or by exchange of partition deeds, does not vest in any one of the parties any additional title.  p. 664.

2. APPEAL.—*Review.*—*Findings.*—*Conclusiveness.*—In an action for the partition of real estate, the question whether a division of personal property belonging to decedent and the partition of his real property by the execution of deeds between his heirs, were separate and distinct transactions, though consummated at the same time, was a question of fact on which the court's finding, supported by evidence, is conclusive.  p. 665.

3. WITNESSES.—*Competency.*—*Suit by Heirs.*—Where, in an action for partition of real estate, plaintiffs claimed an undivided interest in lands conveyed by them to their two sisters on the theory that the conveyance was a partition of their father's land by deed, and that they were entitled to inherit the interest of a deceased sister equally with the surviving sister, plaintiffs were claiming as heirs of the deceased sister, and not as heirs of their father, so that it was proper to exclude defendant's testimony as to transactions with the deceased sister.  p. 665.

From Henry Circuit Court; *Fred C. Gause,* Judge.

Action by Daniel S. King and others against Maria King and another.  From a judgment for plaintiffs, the defendants appeal.  *Affirmed.*

*James A. May* and *Kittenger & Divan,* for appellants.
*Bagot & Free,* for appellees.

ENLOE, J.—This was an action for the partition of real estate.  The following facts, among others, were stipulated in open court as being true.  Cynthia King, a resident of Madison county, Indiana, died intestate in the year 1904, the owner in fee simple of eighty acres of land.  She left surviving her as her sole and only heirs at law, her husband, William M. King, and Maria King and Eleanor King, daughters, and Daniel S. King and Wilder P. King, sons.  After the death of said

Cynthia King the husband and children continued to live upon and occupy the real estate, as a family, and the same was never partitioned during the lifetime of William M. King, surviving husband. William M. King died intestate at Madison county, Indiana, in August, 1909, the owner of the interest which descended to him as the surviving husband of said Cynthia King, in said eighty acres so owned by her, and also he was the owner in his own right, in fee simple, of 240 acres of land. The said William M. King also left a personal estate slightly in excess of $5,000. The said William M. King left surviving, as his sole and only heirs at law, the two daughters and the two sons above named. There was no administration had on either of the estates. The children were each over the age of twenty-one years. On April 28, 1910, the children entered into a written agreement covering the disposal of said personal estate, and agreeing that the same should be disposed of in the manner therein provided for, and that the proceeds thereof should be divided equally among them, which agreement was carried out.

On the same day deeds were prepared, by which the two daughters and Wilder P. King released and quit claimed to their brother, Daniel S. King, a certain portion of the 320 acres of land, and the daughters and Daniel S. King also on said date released and quit claimed to Wilder P. King, another portion of the 320 acres of land, and also Wilder P. King and Daniel S. King, on said date, "released and quit claimed to Eleanor King and Maria King, jointly," another portion of the 320 acres of land—the land so released and quit claimed to the said two sisters being 140 acres, and being the land which is the subject of this suit. Eleanor King died intestate in 1912, without having made any disposition of the lands so quit claimed to her, or of any portion thereof or interest therein, and left

as her only heirs at law her two brothers—the appellees herein—and her sister, Maria King.

This suit was brought by the appellees, who claim to have each a one-sixth interest in said 140 acre tract so released and quit claimed by them to their sister, April 28, 1910, claiming the same as heirs. The appellant, Maria King, claimed to be the sole owner of the land, as survivor of her sister, basing her claim upon the language of the deed, which purported to convey the land to the grantees jointly.

The appellants, other than Maria King, claim as purchasers, under a contract with Maria King. With the foregoing statement of the claims of the parties, the various pleadings need not be set out.

The cause was submitted to the court for trial which found for the appellees, that they were each the owner of an undivided one-sixth (1/6) interest in said lands and that they were entitled to have partition of the same. There was a decree accordingly. A motion for a new trial having been overruled, this appeal is prosecuted, and the overruling of said motion is the only error assigned.

In the case of *McKern* v. *Beck* (1920), 73 Ind. App. 92, 126 N. E. 641, this court said: "It has been many times decided in this state that the mere parti-

1. tion of land, either by decree of court or by exchange of partition deeds, does not vest in any one of the parties any additional title, and that such a partition does not settle questions of title, and that each of the partitioners holds the same title as they held before such partition proceeding, whether by deed or decree." Numerous authorities are cited to sustain the rule as therein announced. This brings us to the question as to whether or not the acts of the parties in this case was a "mere partition of land" as contended for by the appellees.

The record discloses that on the same day the deeds were made the parties in interest agreed upon a division of the personal estate of their ancestor, William M. King. Whether these two transactions, the division of the personal property, and the partition of the real estate, were separate and distinct transactions, or were commingled and so interdependent that one depended upon the other, was a question of fact for the trial court. That court found that they were separate, independent transactions, and as there is evidence to support such finding, we cannot disturb it.

Appellants next complain that the court refused to let appellant, Maria King, testify as to transactions which occurred prior to the death of Eleanor King. In support of this contention appellants say: "As appellees based their right of action upon inheritance from their father and mother, witness had a right to testify to things occurring between the time of the death of the parents and the death of Eleanor." A sufficient answer to this contention is, that counsel are in error in their premise. The appellants are not claiming from their ancestors, as heirs, but are claiming as heirs of their deceased sister, Eleanor. The court did not err in the ruling complained of.

We find no error in this record. Judgment affirmed.