GROVES ET AL. *v.* BURTON ET AL.

[No. 18,564. Filed December 16, 1954. Rehearing denied January 24, 1955. Transfer denied March 3, 1955.]

304

*James D. Lopp,* and *John D. Clouse,* of Evansville, for appellants.

*Sanford Trippet,* of Princeton, for appellees.

KELLEY, C. J.—Alexander Burton died, testate, on June 20, 1900. Surviving him, as his sole heirs, were his wife and five children, one of whom was a daughter, Hettie B. Niekamp, nee Burton. At the time of his death said decedent was the owner in fee simple of

certain real estate in Gibson County, Indiana, including the real estate involved in this controversy.

Decedent's will consisted of seven Items. In the consideration of this appeal, we are concerned only with the first and fifth Items. By the first Item the real estate was devised to the testator's widow "for her natural life time." Item 5 reads:

"It is my will and desire that upon the death of my wife the following part of my real estate go to and invest in my daughter Hattie B. Niekamp, wife of John F. Niekamp for and during her natural life and at her death the same to go to and invest in fee simple in the bodily heirs of said Hattie to-wit: The South East qr. of the South West qr. of section nine (9), Town three (3) South Range Nine (9) West . . ."

The widow of said decedent died "before the 30th day of June, 1903," having theretofore elected to take under the will. On May 8, 1909, said Hettie B. Niekamp had four living children, viz.: the appellants, Edith Groves, Ethel Mominee, and William Niekamp, and one Grace P. Wilder, since deceased, mother of the appellant, Lester Wilder. The appellant, Leonard Niekamp, is a son of said Hettie B. Niekamp but he was yet unborn on said May 8, 1909.

On said last mentioned date, said Hettie B. Niekamp instituted an action in the Gibson Circuit Court to quiet the title to said real estate in herself. She joined as parties defendant thereto her said four children, Edith Niekamp (now Groves), Ethel Niekamp (now Mominee), William Niekamp, and Grace P. Niekamp (Wilder). Said children each being then a minor under the age of twenty-one years, were duly and personally served with process on May 11, 1909, returnable May 22, 1909. The court, in said action, appointed a guardian *ad litem* for said infant defendants and said guardian

filed answer in general denial to the complaint in said action.

Upon the issues thus joined, said Gibson Circuit Court, on June 17, 1909, rendered judgment quieting the title to said real estate in said Hettie B. Niekamp and decreed that she was the owner in fee simple thereof.

Thereafter, on October 15, 1910, said Hettie B. Niekamp, her husband joining, conveyed said real estate by warranty deed to one David M. Burton and, by mesne conveyances, the title to said real estate was ultimately vested in the appellee Burtis M. Burton, on April 29, 1924, which title he apparently has continued to hold to the time of the trial.

We gather from the record and the stipulation of the parties that the appellant, Leonard Niekmap, was born to said Hettie B. Niekamp subsequent to the institution and determination of her said quiet title action, but the date or time of his birth is not disclosed. Said Hettie B. Niekamp died on July 25, 1945, leaving as her sole heirs, her husband (who deceased April 30, 1947), her children, the appellants, Edith Groves, Leonard Niekamp, Ethel Mominee, and William Niekamp, and her grandson the appellant, Lester Wilder.

The action giving rise to this appeal was commenced by the filing on September 24, 1953 of a complaint by four of the appellants asserting that they were the owners of the real estate, that appellees claimed an adverse interest therein, and praying that appellants' title be quieted as against said appellees. Upon petition, the appellant, William Niekamp, was joined as a party plaintiff. Appellees filed answer of former adjudication by said judgment of the Gibson Circuit Court, and a cross-complaint seeking to quiet their asserted title against the appellants. Appropriate answers and replies

were filed to all affirmative pleadings and thereby the issues were closed.

The historical facts as heretofore set forth were agreed and stipulated by the parties. The court, upon such agreed statement of facts, found for the appellees and against the appellants upon the latter's complaint and for the appellees and against the appellants upon the former's cross-complaint, and rendered judgment quieting the title in appellees. (We note here what appears to be a clerical error in the record. The description of the real estate in the cross-complaint and in the judgment is the southeast quarter of the *southeast* quarter, whereas the will, the complaint, and the stipulation of facts describe the land as the southeast quarter of the *southwest* quarter.)

Appellants assign as error the overruling by the court of their motion for a new trial which specified that the decision of the court is contrary to law and is not sustained by sufficient evidence.

Appellants base their whole case upon the contention that the rule in Shelley's case does not "operate" upon the devise in said Item 5 of said will and that the Shelley case rule is not the law in Indiana. They then assert that as the "bodily heirs" of said Hettie B. Niekamp, they took the fee simple remainder created by said Item 5 and, hence, are the owners of said real estate.

The appellees contend, first, that the rule in Shelley's case controls in the "construction" of said item of said will, and, second, that the appellants are bound by the former adjudication of the issue by the Gibson Circuit Court in 1909. Appellants counter appellees' second proposition with the declaration in their brief that the appellants, Lester Wilder and Leonard Niekamp, "were not made parties to the former suit, although the mother

of one of them was." They further add that "according to the undisputed evidence Leonard Niekamp was not a party to this former suit by representation or in any way." To this last statement we shall further allude at a later point in this opinion.

In logical approach to the solution of our problem, the contention of former adjudication must be considered initially, for if the appellants are bound by that judgment, any contemplation, erudite or otherwise, of the rule in Shelley's case would be superfluous and deserve no further countenance than that of an unprovoked *prolatum.*

Appellants treat lightly and with apparent diffidence the issue of the efficacy and conclusiveness of said judgment. They devote thereto only one paragraph of the argument portion of their brief in which they simply say, in addition to what we have quoted above, that "If a party is not named as a defendant, then he cannot be bound by any judgment in an action, unless it be on the basis of being a party by representation." They neither cite nor refer to any authorities, texts, or legal sources. They have not seen fit to file a reply brief. However, we think the question is deserving of more serious consideration.

Appellants charge no fraud or collusion and in no way attack or contest the jurisdiction of said Gibson Circuit Court over the parties or the subject matter of the action, the legality of said proceedings, or the validity of said judgment.

It is apparent from all the facts and circumstances in the present record, and the contrary is not suggested by any of the parties, that the only title said Hettie Niekamp had to said real estate, at the time she instituted her said quiet title action, was such title as was devised to her under and by

virtue of said Item 5 of said will, and that the object of her said action was to quiet the title she asserted thereunder. The court, of necessity, was thereupon required to construe said will in order to determine whether she held the fee to said real estate or only a life estate therein. We cannot here assume, particularly in the absence of any pleading or evidence to the contrary, that the Gibson Circuit Court failed in its duty and quieted the fee simple title in Hettie Niekamp without first having satisfied itself as to the source of her title and the proper construction to be placed on the instrument by means of which said title devolved.

The judgment was *in rem* and the appellants, Edith Groves, Ethel Mominee, and William Niekamp, as parties defendant to said action, are concluded by said decree. *Davis* v. *Lennen* (1890), 125 Ind. 185, 188, 24 N. E. 885; *Hegarty et al.* v. *Curtis* (1950), 121 Ind. App. 74, 84, 95 N. E. 2d 706; 50 C. J. S., *Judgments*, §910c. (3), p. 553; 50 C. J. S., *Judgments*, §738, p. 241. And it matters not, insofar as said appellants are concerned, that said judgment may have been erroneous, for the correctness of that judgment is not involved in this appeal, and, there being no contention here that said judgment was void, it is impervious to collateral attack by said appellants. *Grantham Realty Corporation* v. *Bowers, Jr., Trustee, et al.* (1939), 215 Ind. 672, 679, 22 N. E. 2d 832; *Davis* v. *Lennen* (1890), 125 Ind. 185, 189, final paragraph, 24 N. E. 885, *supra; Parker, Administrator* v. *Wright et al.* (1878), 62 Ind. 398, 399; *Weberpals* v. *Jenny* (1921), 300 Ill. 145, point 4, 133 N. E. 62; *Miller et al.* v. *Rowan et al.* (1911), 251 Ill. 344, 96 N. E. 285; 34 C. J. 768, *Judgments*, §1184. That said appellants were infants at the time said judgment was rendered does not alter or affect the conclusive effect thereof, nor do

they so contend. Generally, see 50 C. J. S., *Judgments*, §766, p. 294.

· The binding force of said judgment seems also to rest upon the appellant, Lester Wilder, for his mother, Grace Wilder, a daughter of said Hettie Niekamp and ■ sister to the aforesaid concluded appellants, was a party defendant to said quiet title action brought by Hettie and was bound by the decree rendered therein. Lester succeeded only to such interest as his mother possessed and his rights, claims, and interests, if any, are identical with such as she may or could have asserted in her lifetime—no greater, no different. He is in privity with his deceased mother, in her status as a defendant in said action, and, like her, is concluded by said judgment. 50 C. J. S., *Judgments*, §738, p. 241; 50 C. J. S., *Judgments*, §910 c. (3), p. 553; 34 C. J., 1022, §1445, note 25; 50 C. J. S., *Judgments*, §804, note 68, p. 349.

As we approach consideration of the position of appellant, Leonard Niekamp, who, as previously stated, was born to Hettie Niekamp subsequent to the institution of and judgment rendered in her quiet title action in 1909, we are confronted with appellants' only reference to the matter of the former adjudication. They say that "according to the undisputed evidence Leonard Niekamp was not a party to the former suit by representation or in any way."

The stipulation of the parties, in paragraph 15 thereof, states that "Leonard Niekamp, had not yet been born, and was not made a party to said quiet title suit either as an unborn heir, or by representation, or by any other means ·or procedure." As we understand appellants' contention, they interpret this stipulation of fact to have the effect of ruling out any inquiry as to the imprint of said judgment upon Leonard. In fact,

it would appear that, by their construction of said stipulation, they seek to cast Leonard in the role of a stranger to said decree. We are not similarly impressed. It is clear, we think, that said evidence demonstrates a factual circumstance conceded by all, but we fail to conceive, as appellants apparently believe, that said stipulation avoids the legal effect of the fact, also established by the stipulation, that all of the then living children of Hettie Niekamp, the sisters and brother of Leonard, were duly made parties defendant to said action and were represented therein by a duly appointed guardian *ad litem*.

We finally come to a discussion of the relationship between said Leonard Niekamp and said Gibson Circuit Court judgment. It may be stated, in the beginning, that the rule to which the courts seem now most generally to adhere is that all persons interested in the object of the action and whose rights will be directly affected by the decree, must be made parties to the suit, and that the judgment or decree rendered by the court then possessing appropriate jurisdiction of the parties, the subject matter, and the question it assumes to decide, is binding and conclusive upon the parties and those who stand in privity with others who are parties as to all matters and questions in issue which were or should have been determined.

In quiet title suits and other actions involving the determination of titles, where all parties are before the court that can be brought before it, and the court acts properly as to rights that appear, there being present no element of fraud or collusion, the decision of the court is conclusive as to the state of the title. 44 Am. Jur. 80, *Quieting Title*, §95, note 6; *Davis* v. *Lennen* (1890), 125 Ind. 185, 188, 24 N. E. 885, *supra*.

To the generally accepted rule there exists an excep-

tion born of the justice and necessity of settling the rights of parties in being and the adjudication of property titles with dispatch. It is, of course, an exception to be carefully weighed and applied with the utmost caution. It is generally referred to as the doctrine of virtual representation.

The doctrine may be generally stated in this wise: Persons having a remote, contingent, or expectant interest in realty are bound by the judgment rendered in proper cases and under proper circumstances in an action concerning the property, although not made parties to the suit, if their interests are properly represented, as by the holder of the first estate of inheritance, or by persons who have the same interests and are equally certain to bring forward the entire merits of the question, so as to give the contingent interest effective protection. 33 Am. Jur. 646, *Life Estates, Remainders, etc.,* §180, et seq.; 34 C. J. 1000, *Judgments,* §1421; 50 C. J. S., *Judgments,* §776 b, p. 307. The rule has particular applicability in the realm of its especial significance, that is, where estates are limited over to persons not in being, and who therefore could not be made actual parties. 33 Am. Jur. 646, *Life Estates, Remainders, etc.,* §180, note 19; 34 C. J. 1000, *Judgments,* §1421, note 27; 50 C. J. S., *Judgments,* §776, b, p. 307, note 38.

When applied to the interests of those not in being, the procurance of the judgment must be free from collusion or fraud, and the rule loses its potence where it appears that there was not such identity of interest between the parties to the action and the persons they are held to represent as to afford proper protection of the interests of the latter. 33 Am. Jur. 646, *Life Estates, Remainders, etc.,* §180, note 1, and §182, notes 1 and 2, p. 652. There appears also

the further consideration that where the facts or circumstances render it proper, the judgment or decree should recognize the interests of the unborn contingent remaindermen and provide for their protection. Where, however, by force of the adjudication or interpretation by the court, the persons not in *esse* have no present or definable future interest in the land at the time of the trial, there is no occasion for such protective provision. 33 Am. Jur. 648, *Life Estates, Remainders, etc.,* §180, notes 10 and 11.

Research has failed to reveal the full and definite adoption of this rule by our courts but it has been considered in an unofficial decision and in two recorded cases. In the case of *Bearss* v. *Corbett* (1927), which is found in 158 N. E. 299 but not in the official reports, the subject was exhaustively treated. However, that case was superseded by the Supreme Court and affirmed on grounds other than the question of virtual representation. See *Bearss* v. *Corbet et al.* (1931), 202 Ind. 348, 177 N. E. 59. In *Coquillard et al.* v. *Coquillard* (1916), 62 Ind. App. 426, 113 N. E. 474, the rule was applied "under the circumstances" of that case. That was a partition action, involving the sale of the real estate and one of the questions presented by one of the conclusions of law was whether the court could make an order of sale of the property which would be binding upon the unborn contingent owners of the contingent remainders in fee who, of necessity, could not be made parties to the action. It was held that such an order could be made, observing, however, that by the sale "the owners are not divested of any title or given any new title." It seems fair to say that the court there considered the rule not in its broad general application but only as it pertained or applied to the particular circumstances of that case. And in *Hegarty*

*et al. v. Curtis* (1950), 121 Ind. App. 74, 85 (transfer denied), 95 N. E. 2d 706, the doctrine was referred to but the court declared that it could not see the applicability of the doctrine to the facts of that case.

If it be the policy of the law to stabilize real estate titles without undue delay, to the end of the ready utilization and free alienation thereof, can such purpose be accomplished and furthered by decrees which bind those in life but not those yet unborn? Such piece-meal determination of titles could provoke only the utmost confusion and uncertainty. The vital and pulsating massive title market of the modern day would be thereby hampered and distressed. Similarly, estates would be shackled without hope of relief and the rights and interests of the living generation would be sacrified to those of posterity. These, and many others, appeal to us as sound reasons for the adoption of the doctrine.

What we have said relative to the rule of virtual representation and its application is not, of course, to be accepted and interpreted as applying under any and all circumstances and without due regard by the court for the interests of all parties, living and unborn. The facts and circumstances of each particular case must determine the extent of its influence. Thus, where the interests of those not in *esse* and those in being are hostile, contrary, antagonistic, or at variance, or where the judgment is tainted with fraud, collusion, or other impropriety which may have the effect of preventing or obviating a true and honest representation of the interests of the unborn by those before the court, the rule will not displace or deter the accomplishment of justice to those coming into being subsequent to the adjudication.

The appellant, Leonard Niekamp, is in the same class

as the other appellants and his asserted interests in the real estate were and are identical with theirs. They accrued under the same instrument and the same item thereof. Under the circumstances here apparent, his rights cannot be considered more sacred and undefilable than those of his brother and sisters merely because he was not in *esse* at the time of the original quiet title proceeding. There existed no antagonism between their rights and his. They all rested on the same ground—they all arose from the same document—they were all subject to the same rules of construction—they were all amenable to the same tests—they all partook of the same defense. Wherefore, then, lies any mark of distinction?

We hold that under and by virtue of the doctrine of virtual representation, the decree of the Gibson Circuit Court adjudicating the fee simple title to said real estate to be in his mother, Hettie B. Niekamp, was and is binding and conclusive upon the appellant, Leonard Niekamp.

The record discloses, as heretofore stated, that the deed of Hettie B. Niekamp, conveying her said title to David M. Burton, was the original conveyance in the chain of title that finally led to and vested the title in the appellee, Burtis M. Burton. In said appellee said title has reposed, apparently unquestioned, for more than 29 years. The latter fact is not pursued herein and is, thus, without influence in the determination of the instant question, but it serves to vividly exemplify the justice of the application of the rule or doctrine of virtual representation under circumstances such as are made evident in this case.

In view of the conclusion we have reached, a consideration of the applicability of the rule in Shelley's

case to the provisions of the will involved in this action is unimperative. As was said by Judge Elliott in *Davis* v. *Lennen* (1890), 125 Ind. 185, 186, 24 N. E. 885, *supra,* after referring to the decree quieting the title in fee simple, "If she (in this case Hettie B. Niekamp) was, in fact, the sole owner in fee, the defendants (appellants here) could not possibly have any title whatever, for the existence of a fee simple is always and absolutely exclusive." (Our interpolations.)

Appellants have directed us to no reversible error. Judgment affirmed.

Royse, P.J., concurs.

## ON PETITION FOR REHEARING

KELLEY, C. J.—Appellants seek a rehearing of this cause on the ground that we have erroneously decided a new question of law in this state as applied to the facts of this case.

They say that the stipulation of the parties to this action that appellant, Leonard Niekamp, "was not made a party to said quiet title suit either as an unborn heir, or by representation, or by any other means or procedure" is binding on this and the trial court and exempts him from the effect of the 1909 decree of the Gibson Circuit Court, he being then unborn. We considered this contention in our opinion. It is evident that said stipulation had reference to the fact that said appellant, not being then in esse, did not appear of record in said action as a party defendant and, of course, was not represented of record either by counsel or otherwise as were the other defendants, his brother and sisters.

However, the legal effect of the joinder and representation in said action of Leonard's brother and sis-

ters, they then having the same and identical interests as did he and there being no fraud or impropriety involved, cannot be obviated by the stipulation referred to. A stipulation that a certain thing was done or that certain action was taken is not necessarily conclusive as to the legal effect thereof. 50 Am. Jur. 610, *Stipulations, §9*, note 6. In seeking the intent of the parties to a stipulation the language used will not be so construed as to give it the effect of admitting a fact obviously intended to be controverted. 50 Am. Jur. 609, *Stipulations, §8*, note 10. 83 C. J. S. 66, *Stipulations, §25*, note 91. 83 C. J. S. 27, *Stipulations,* Sec. 11, notes 7 and 8. To construe the stipulation as contended for by appellants would result in admission that Leonard is not bound by the rule of virtual representation and that the former judgment is not binding upon him. This is a fact obviously controverted by appellees.

Further, appellants undertake, in an indirect manner, to cast discredit upon the 1909 judgment of the Gibson Circuit Court by posing a question. They ask: "Does this court, . . . believe that in such a suit the minors and their guardian *ad litem* were certain to bring forward the entire merits of the question, so as to give the contingent interest of Leonard Niekamp effective protection?" As pointed out in our main opinion, appellants neither alleged nor proved any fraud, collusion, or impropriety in connection with said judgment, nor did they in any way contest the legality of the proceedings leading to the same. We cannot presume that the Gibson Circuit Court and the guardian *ad litem* failed to perform and discharge their sworn duties. Nor can it be presumed that that court did not have the rights of the minors in mind. The presumption is that it did. *Young et al.* v. *Wiley*

(1914), 183 Ind. 449, 463, 107 N. E. 278; *McKern et al.* v. *Beck et al.* (1920), 73 Ind. App. 92, 102, 126 N. E. 641.

Finally, appellants hint that we are more concerned with the stability of real estate titles than we are to protect the interests of the minor children. They say that appellant, Leonard Niekamp, has been deprived of his day in court and cite the case of *Attica Building and Loan Association of Attica et al.* v. *Colvert et al.* (1939), 216 Ind. 192, 23 N. E. 2d 483 as holding that a minor has a right to appeal from a judgment or to bring action for review thereof "within the time allowed after the removal of his disability." We can and do readily recognize the holding in that case but we are at loss to perceive how it has any application to the matter at hand. This is not an appeal from the judgment of the Gibson Circuit Court, nor is it an action to review that judgment. This action was brought by appellants to quiet their asserted title to the real estate involved.

No pleadings, no issues, no proof, no contentions, were made at any time in this action relative to any right of Leonard to appeal from or have a review of said former judgment. The first time such contention has been suggested is in this petition for a rehearing. It comes too late.

Appellants have shown no valid reason for our granting a rehearing of this cause and their petition, therefore, is overruled.

Royse, P. J.—Concurs in result.

Pfaff, J.—Not participating.

NOTE.—Reported in 123 N. E. 2d 204.
　　　　Rehearing denied 123 N. E. 2d 705.